IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

CASE NO. 16-810(PG)

ROSA BETANCOURT FARFAN,
Defendant.

**PLEA AGREEMENT**
(Pursuant to Rule 11(c)(1)(B) FRCP)

TO THE HONORABLE COURT:

COMES NOW the United States of America through its counsel Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico; Jose Capo Iriarte, Assistant United States Attorney, Chief, Criminal Division; Myriam Y. Fernandez-Gonzalez, Assistant U.S. Attorney, Chief, Financial Fraud and Corruption Unit; Defendant's counsel, Samantha Kurland Drake, Esq.; and Defendant Rosa Betancourt Farfan, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

The Defendant agrees to plead guilty to COUNT ONE of the Indictment. Count One charges that from in or about the year 2012 to in or about the year 2013, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, Rosa Betancourt Farfan with intent to defraud and mislead, did acts to a device, that is, marketing, preparing for injection, and injecting polydimethylsiloxane fluid, a/k/a, liquid silicone into a human body, after shipment of the device and/or its components in interstate commerce and while the device was held for sale, such acts resulting in the device being adulterated within the meaning of Title 21, United States Code,

Section 351(f)(l)(B), in that it was a Class III device that had not received FDA pre-market approval nor was it exempt from the requirement to obtain FDA premarket approval. All in violation of Title 21, United States Code, Sections 331(k) and 333(a)(2).

2. **MAXIMUM PENALTIES**

The penalty for the offense charged in COUNT ONE of the Indictment is a term of imprisonment of not more than three years, a fine of not more than $10,000.00, or both, pursuant to Title 21, United States Code, Sections 331(k) and 333(a)(2), as well as a term of supervised release of one year pursuant to Title 18, United States Code, Section 3583(b)(3).

3. **APPLICABILITY OF SENTENCING GUIDELINES**

Defendant acknowledges that the Court may impose a sentence in accordance with the applicable provision(s) of the Sentencing Guidelines, Title 18 United States Code, Section 3551, *et seq.* (hereinafter Guidelines), which are now advisory. Further, the Defendant acknowledges to be aware that parole has been abolished and the imposition of a sentence may not be suspended.

4. **SPECIAL MONETARY ASSESSMENT**

Prior to Defendant's change of plea hearing, the Defendant shall pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction.

5. **FINES AND RESTITUTION**

The Defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines Manual, order the Defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and that the Court may also impose restitution. As part of this Plea Agreement, the Defendant agrees to produce complete information regarding all restitution victims and Defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendations as to the imposition of fines or restitution.

6. **RULE 11(e)(1)(B) WARNINGS**

The Defendant is aware that the Defendant's sentence is within the sound discretion of the sentencing judge and the advisory Sentencing Guidelines (including the <u>Guidelines Policy Statements, Application,</u> and <u>Background Notes</u>). The Defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and/or recommendations contained herein. Defendant specifically acknowledges and admits that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the Defendant pleads guilty. Defendant is aware that the court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence report. Should the Court impose a sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw the guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

7. **SENTENCING GUIDELINES CALCULATIONS**

Although the Guidelines are now advisory, <u>United States v. Booker</u>, 125 S.Ct. 738, 744, 160 L.Ed.2d 621 (2005), makes clear the sentencing court is required to consider the Guidelines "sentencing range established for...the applicable category of offense committed by the applicable category of defendant" in imposing sentence. <u>Booker</u>, 125 S.Ct. At 744. Therefore, the United States and the Defendant submit the following advisory Sentencing Guidelines calculations as to COUNT ONE:

| PLEA AGREEMENT SENTENCING GUIDELINES CALCULATION TABLE | |
|---|---|
| COUNT ONE - Title 21, United States Code, Sections 331(k) and 333(a)(2). | |
| BASE OFFENSE LEVEL - U.S.S.G. § 2N2.1(a) | 6 |

USA v. Rosa Betancourt Farfan, Criminal No. 16-810(PG)

| | |
|---|---|
| U.S.S.G. §§ 2N2.1(c)(1) and 2B1.1(b)(1) - Loss More than $15,000.00 | 4 |
| U.S.S.G. § 2B1.1(b)(1)(2)(A) - Involved 10 or more victims – Increase | 2 |
| U.S.S.G. § 3B1.3 - Use of Special Skill | 2 |
| Acceptance of Responsibility pursuant to [U.S.S.G. § 3E1.1] | -2 |
| TOTAL OFFENSE LEVEL | 12 |
| Criminal History Category is not stipulated. | |

**SENTENCE RECOMMENDATION:** The parties would agree to recommend a sentence of imprisonment within the applicable guideline range for a Total Offense Level of 12. The defendant agrees that this sentence recommendation is reasonable pursuant to Title 18, United States Code, Section 3553(a). Any recommendation other than what is stated herein would constitute a breach of the plea agreement.



8. **WAIVER OF APPEAL**

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 16 months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

9. **NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and the Defendant agree that no further adjustment or departures to the Defendant's base offense level shall be sought by the parties.

10. **SATISFACTION WITH COUNSEL**

The Defendant represents to the Court to be satisfied with Defendant's counsel, and indicates that counsel has rendered effective legal assistance.

## 11. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this agreement, Defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If the Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The Defendant and the Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, that it could not convict the Defendant unless, after hearing all the evidence, it was persuaded of the Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against the Defendant. The Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, the Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for the Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena

power of the Court.

e. At a trial, the Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from the Defendant's refusal to testify. If the Defendant desired to do so, the Defendant could testify on the Defendant's own behalf.

**12. DISMISSAL OF REMAINING COUNTS:**

At sentencing, the United States shall request the dismissal of the remaining counts of the Indictment.

**13. STATEMENT OF FACTS**

The accompanying Statement of Facts signed by the Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

**14. POTENTIAL IMPACT ON IMMIGRATION STATUS**

Pursuant to Rule 11(b)(1)(O) of the Federal Rules of Criminal Procedure, Defendant hereby agrees and recognizes that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**15. LIMITATIONS OF PLEA AGREEMENT**

This plea agreement binds only the United States Attorney's Office for the District of Puerto Rico and the Defendant; it does not bind any other federal district, state or local authorities.

**16. ENTIRETY OF PLEA AGREEMENT**

This written agreement constitutes the complete Plea Agreement between the United States, the Defendant, and the Defendant's counsel. The United States has made no promises or

representations except as set forth in writing in this plea agreement and deny the existence of any other term and conditions not stated herein.

17. **AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms, conditions will be entered unless in writing, signed by all parties.

18. **VOLUNTARINESS OF GUILTY PLEA**

The Defendant acknowledges that no threats have been made against the Defendant and that the Defendant is pleading guilty freely and voluntarily because the Defendant is guilty.

RESPECTFULLY SUBMITTED.
ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney

_____
Jose Capo Iriarte
Assistant U.S. Attorney
Chief, Criminal Division
Dated 5/10/17

_____
Myriam Y. Fernandez-Gonzalez
Assistant U.S. Attorney
Deputy Chief, Financial Fraud
and Corruption Unit
Dated: 5·10·17

_____
Samantha Kurland Drake, Esq.
Assistant Federal Public Defender
Counsel for Defendant
Dated:

_____
Rosa Betancourt Farfan
Defendant
Dated:

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with your attorney. My counsel has translated the plea agreement it to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 5/12/2017

_____
Rosa Betancourt Farfan
Defendant

I am the attorney for the Defendant. I have fully explained to the Defendant his rights with respect to the pending Superseding Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the Defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the Defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 5/12/2017

_____
Samantha Kurland Drake, Esq.
Assistant Federal Public Defender
Counsel for Defendant

## STATEMENT OF FACTS

In conjunction with the submission of the accompanying plea agreement in this case, the United States submits the following statement setting forth its version of the facts leading to the defendant's acceptance of criminal responsibility for defendant's violation of Title 21, United States Code, Sections 331(k) and 333(a)(2). The following is a summary of the facts the United States would have proven beyond reasonable doubt if this matter would have gone to trial.

The evidence would have shown that from in or about the year 2012 to in or about the year 2013, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, Rosa Betancourt Farfan with intent to defraud and mislead, did acts to a device, that is, marketing, preparing for injection, and injecting polydimethylsiloxane fluid, a/k/a, liquid silicone into a human body, after shipment of the device and/or its components in interstate commerce and while the device was held for sale, such acts resulting in the device being adulterated within the meaning of Title 21, United States Code, Section 351(f)(l)(B), in that it was a Class III device that had not received FDA pre-market approval nor was it exempt from the requirement to obtain FDA premarket approval. All in violation of Title 21, United States Code, Sections 331(k) and 333(a)(2). The evidence would have further shown that Defendant charged an individual for injecting and did in fact inject the individual's glutes with polydimethylsiloxane fluid, a/k/a, liquid silicone, concealing the true nature of the substance injected.

The defendant agrees and recognizes that the United States has provided full discovery in this case.

_____
Myriam Y. Fernandez-Gonzalez
Assistant U.S. Attorney
Dated: 5·10·17

_____
Samantha Kurland Drake, Esq.
Assistant Federal Public Defender
Counsel for Defendant
Dated:

_____
Rosa Betancourt Farfan
Defendant
Dated: